UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRNA L. SEGURA, | Case No. EDCV 13-01719 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising two disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") failed to give proper consideration to the opinions of her treating physicians, Jack Akmakjian, M.D., Frank Giacobetti, M.D., and doctors at the Irwindale Industrial Clinic. (JS 4-8.)

The Court agrees.

The ALJ determined that Plaintiff has severe impairments consisting of sprain/strain of the cervical, thoracic, and lumbar spine, and myofascial pain. (AR 15.)

The ALJ assessed Plaintiff with a residual functional capacity ("RFC") for a range of light work, including the ability to: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday, with the need to change positions every 30 minutes for 5 minutes at a time; climb ramps and stairs frequently; stoop, crouch and kneel frequently; operate foot controls and pedals (bilaterally) occasionally; lift at or above shoulder level (bilaterally) occasionally; reach overhead (bilaterally) occasionally; and perform gross and fine manipulation frequently. (AR 16.) The ALJ further found that Plaintiff must never crawl, climb unprotected heights, ladders, scaffolds, or ropes, or forcefully grasp or torque (bilaterally). (AR 16.)

The physicians whose opinions are at issue here evaluated Plaintiff in connection with her workers' compensation case. (AR 185, 186, 190, 193, 199, 207, 208, 213-47, 261-64, 266-74, 523-32, 534, 536-39, 543-44, 554-55, 562-64, 568-69.) The terms of art used in California workers' compensation cases are not equivalent to the terms used in Social Security disability cases. *Desrosiers v. Secretary of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988) (explaining that workers' compensation work categories are based on a claimant's ability to sit, stand, or walk for the most of the day, whereas Social Security disability work categories are differentiated primarily by a claimant's lifting capacity). Nevertheless, the ALJ may not simply ignore physicians' opinions from a workers' compensation case. *See Booth v. Barnhart*, 181 F.Supp.2d 1099, 1105 (C.D. Cal. 2002) (citing *Coria v. Heckler*, 750 F.2d 245, 247-48 (3rd Cir. 1984)). Rather, the ALJ must "translate" terms of art contained in these physicians' reports and opinions into corresponding Social Security terminology. *Booth*, 181 F.Supp.2d at 1106; *see Macri v. Chater*, 93 F.3d 540, 543-44 (9th Cir. 1996). Where a treating physician's opinion is controverted, the ALJ is required to provide specific and legitimate reasons based on substantial evidence in the record for rejecting the treating physician's findings, including those findings expressed in workers' compensation terminology. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *see also Booth*, 181 F.Supp.2d at 1105 ("[T]he ALJ

must evaluate medical opinions couched in state workers' compensation terminology just as he or she would evaluate any other medical opinion.").

### Dr. Akmakjian

Dr. Akmakjian evaluated and treated Plaintiff from April 2009 through September 2010. (AR 266-74, 523-32, 534, 536-39, 543-44, 554-55, 562-64, 568-69.) In August 2009, Dr. Akmakjian issued a permanent and stationary report. (AR 266-75.) Dr. Akmakjian diagnosed Plaintiff with discogenic pain of the cervical, thoracic, and lumbar spine, and assessed Plaintiff with the following work limitations: no repetitive turning/twisting at the neck level; no heavy lifting; no repetitive overhead work; no repetitive bending or stooping; and no prolonged standing or walking. (AR 272.) Dr. Akmakjian also found that Plaintiff should be allowed to change positions every 30 to 45 minutes at will, and that Plaintiff's limitations equated to a 24 percent "whole person impairment." (AR 272.)

The ALJ disregarded nearly all of Dr. Akmakjian's findings, assigning "little weight" to Dr. Akmakjian's opinion because it was elicited in Plaintiff's workers' compensation case. (AR 20.) The ALJ explained, "[w]orkers' compensation benefits and disability are calculated in a manner completely different to Social Security disability benefits and are not dispositive of the issue of whether [Plaintiff] is capable of working." (AR 20.) The ALJ also found that while Dr. Akmakjian's assessment of Plaintiff's "whole person impairment" was entitled to some weight, "it was not dispositive of the issue of whether [Plaintiff] is capable of working." (AR 20.) By summarily dismissing Dr. Akmakjian's opinion in this conclusory manner, the ALJ failed to properly assess the implications of Dr. Akmakjian's workers' compensation findings in Social Security terms. *Macri*, 93 F.3d at 544; *Desrosiers*, 846 F.2d at 576; *Booth*, 181 F.Supp.2d at 1104-06. Thus, the ALJ's consideration of Dr. Akmakjian's opinion is not supported by substantial evidence.

///

The ALJ also impliedly rejected Dr. Akmakjian's assessment of Plaintiff's physical

1 limitations based on the "essentially normal" and "unremarkable" findings on
2 examination. (AR 18.) The ALJ's conclusory statements were not a sufficient basis for
3 rejecting the opinion of Plaintiff's treating physician, as the ALJ failed to state with any
4 specificity how the assessed limitations were unsupported by the medical evidence.
5 *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer
6 his conclusions. He must set forth his own interpretations and explain why they, rather
7 than the doctors', are correct." (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.
8 1988))); *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1299 (9th
9 Cir.1999) (noting that "conclusory reasons will not justify an ALJ's rejection of a medical
10 opinion"). While the ALJ cited some normal findings on examination, the ALJ also
11 acknowledged that Dr. Akmakjian reported positive clinical findings. (AR 18.) In August
12 2009, Dr. Akmakjian noted Plaintiff's tenderness to palpation of the cervical and thoracic
13 spine, moderate diffuse tenderness and muscle spasms across the lumbar paravertebral
14 muscles, positive straight leg raising tests bilaterally, and decreased range of motion in
15 the cervical and lumbar spine with pain. (AR 18, 269-70.) Dr. Akmakjian also noted that
16 MRI studies from April 2009 showed disc protrusions in Plaintiff's cervical, thoracic and
17 lumbar spine with some impression on the thecal sac.[1] (AR 268-69, 573-77.) The ALJ
18 did not discuss these MRI studies in the decision. Instead, the ALJ focused on MRI
19 studies of Plaintiff's cervical and lumbar spine from June and July 2008, which indicated
20 minimal disc bulging and no herniation at any level. (AR 19, 257-60.) Thus, the ALJ's
21 conclusory statements about the medical evidence are not specific, legitimate reasons for
22 rejecting Dr. Akmakjian's opinion. *Lester*, 81 F.3d at 830.

---

[1] Specifically, the April 2009 MRI studies showed: mild central disc protrusion at C6-7; mild to moderate left paracentral disc protrusion at T7-8 impressing on the thecal sac and producing mild left neural foraminal narrowing; and mild left extraforaminal disc protrusion at L2-3, a high intensity zone within the left extraforaminal annular fibers of the L3-4 disc, possibly representing a fissure or tear, mild broad based disc protrusion at L4-5 mildly impressing on the thecal sac, mild central disc protrusion at L5-S1 contacting the thecal sac, and mild bilateral facet arthrosis. (AR 268-69, 573-77.)

<u>Dr. Giacobetti and Irwindale Industrial Clinic Physicians</u>

The ALJ's consideration of the opinions given by Dr. Giacobetti and the doctors at the Irwindale Industrial Clinic is not supported by substantial evidence. Dr. Giacobetti treated Plaintiff from June 2008 through February 2009 for lumbar strain and cervical strain. (AR 213-47, 261-64.) Dr. Giacobetti opined that Plaintiff was precluded from lifting more than 10 pounds, bending, and stooping. (AR 214, 216, 221, 223, 225, 230, 234, 239, 241, 244.) The physicians at the Irwindale Industrial Clinic treated Plaintiff in April 2008. (AR 185, 186, 190, 193, 199, 207, 208.) They also diagnosed cervical strain, and found that Plaintiff was limited to a sedentary or sit-down only work, and should not lift more than 10 pounds, climb, bend or stoop. (AR 190, 193, 199, 207, 208.)

The ALJ summarily rejected Dr. Giacobetti's opinion as "generally unremarkable with few significant abnormal findings." (AR 17.) The ALJ selectively cited to "normal" and "mild" findings in Dr. Giacobetti's reports, but failed to discuss Dr. Giacobetti's assessment of Plaintiff's work restrictions (i.e., no lifting more than 10 pounds, bending or stooping). (AR 17.) As for the opinions of the Irwindale Industrial Clinic physicians, the ALJ completely failed to mention them in the decision. The ALJ plainly erred. The ALJ did not properly "translate" the findings of Dr. Giacobetti or the physicians at the Irwindale Industrial Clinic into Social Security terms or give any indication that he considered the definitional differences between the workers' compensation system and the Social Security Act. *Macri*, 93 F.3d at 544; *Desrosiers*, 846 F.2d at 576; *Booth*, 181 F.Supp.2d at 1104. Further, the ALJ's conclusory statements suggesting that Dr. Giacobetti's opinion was unsupported by the objective medical evidence does not achieve the level of specificity required for rejecting a treating physician's opinion. *Reddick*, 157 F.3d at 725; *Embrey*, 849 F.2d at 421-22; *Regennitter*, 166 F.3d at 1299.

The Commissioner attempts to argue that the ALJ's consideration of the medical evidence is supported by substantial evidence, as the ALJ relied on the testimony of the medical expert, Joseph E. Jensen. (JS 8-10, 12-13; AR 20, 42-44.) Dr. Jensen opined that Plaintiff had an RFC for a range of light work, consistent with the RFC assessed by the

ALJ. (AR 42-44.) The ALJ asserted that Dr. Jensen's opinion was entitled to "great weight because he had an opportunity to review the entire medical record," and "his opinion was based upon a thorough review of the evidence and familiarity with Social Security Rules and Regulations and legal standards set forth therein." (AR 20.) However, Dr. Jensen's non-examining medical expert opinion, standing alone, is not substantial evidence and cannot be used to reject the opinions of Plaintiff's treating physicians. *Lester*, 81 F.3d at 830-31. Moreover, Dr. Jensen's review of the medical record was incomplete. At Plaintiff's administrative hearing, the ALJ announced that Dr. Jensen did not have the opportunity to review numerous medical records from Plaintiff's providers, (i.e., Magan Medical Clinic, R. M. Schilling, M.D., John G. Colias, M.D., Sterling Surgery Center, Pomona Valley Hospital, Dr. Akmakjian, and Radiology 24/7). (AR 27-28, 438-577.) These records included updated treatment notes, evaluations, lab test results, diagnostic studies, and MRI reports. (AR 27-28, 438-577.) The ALJ explained that although the records had been properly submitted, they had not been included in the medical section (Exhibit F) of the record. (AR 27-28.) Dr. Jensen, who appeared by telephone at the hearing, testified about Plaintiff's medical impairments and limitations. (AR 42-44.) During his testimony, Dr. Jensen cited only to the records that were previously included in the "Exhibit F" section of the record. (AR 42-44.) Dr. Jensen did not refer to the omitted medical records nor is there any indication that he had the opportunity to review these records during the course of the hearing. As Dr. Jensen's opinion was based upon an incomplete review of the medical record, it does not provide substantial evidence to support the ALJ's RFC assessment. *See* Social Security Ruling 96-8p ("The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities.").

Accordingly, remand is warranted on Issue #1.

**ISSUE #2**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting her subjective complaints regarding the severity of her symptoms and limitations. (JS 16-

19.) Plaintiff claims that she suffers from the following: pain in her neck, back, legs, and arms; restricted range of motion in her neck and arms; difficulty using her right hand; and trouble sleeping due to pain. (AR 35-39.) Plaintiff also reported that she is unable to perform many household chores, and is limited to lifting and carrying 10 pounds, sitting for 10 to 15 minutes, and walking for 10 to 15 minutes. (AR 35-36, 40.)

In assessing Plaintiff's credibility, the ALJ permissibly relied on the inconsistency between Plaintiff's reported symptoms and the opinions of her treating physicians. (AR 17, 19-21); *Smolen v. Chater*, 80 F.3d 1273, 1284-85 (9th Cir. 1996) (in evaluating credibility, the ALJ must consider observations of the plaintiff's treating physicians regarding functional restrictions caused by symptoms); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (objective medical evidence may not be sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility). For example, although Plaintiff claimed that she is limited to sitting, standing, and walking 10 to 15 minutes at a time, Plaintiff's physical examinations and the opinions of her physicians did not support such extreme work restrictions. (AR 17-21.) Indeed, none of Plaintiff's physicians assessed restrictions that conflicted with the ALJ's RFC assessment, with respect to Plaintiff's ability for sitting, standing, or walking.[2] (AR 16, 190, 193, 207, 208, 214, 216, 221, 223, 225, 234, 239, 241, 244, 272, 426, 509.)

In addition to citing the lack of objective medical evidence to substantiate Plaintiff's subjective symptom testimony, the ALJ also observed that Plaintiff had failed to put forth her full effort during her orthopedic evaluation with the consultative examiner, Bunsri Sophon, M.D. (AR 19, 21, 424.) In June 2010, Dr. Sophon reported,

---

[2] The Court notes that while several physicians opined that Plaintiff should be restricted to sedentary or sit down only work, these restrictions were imposed due to Plaintiff's limited ability to lift and carry, rather than to any restriction in standing or walking. (AR 190, 193, 207, 208, 509.)

Page 7

"[t]he claimant was noted not to use full effort in performing the grip strength test." (AR 424.) The ALJ reasonably found that Plaintiff's apparent lack of effort during the orthopedic evaluation called into question the reliability of her expressed symptoms. (AR 19); *see Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (finding that a claimant's lack of cooperation and poor effort during examination was a legally sufficient basis for the ALJ's adverse credibility determination); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (explaining that an ALJ's finding, supported by the record, that a claimant "failed to give maximum or consistent effort" during evaluations constituted compelling evidence to discount a claimant's testimony).

Accordingly, reversal or remand is not warranted based on Issue #2.

**ORDER**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that, when properly resolved, may ultimately still lead to a not disabled finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotation marks and citation omitted). Accordingly, the present case is remanded for further proceedings consistent

with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.

DATED: July 10, 2014

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE